J-S30025-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NATHANIAL RAY PRICE | : | No. 1734 WDA 2019 |

Appeal from the Order Entered October 15, 2019
In the Court of Common Pleas of Indiana County Criminal Division at
No(s): CP-32-CR-0001267-2016

BEFORE:   MURRAY, J., McLAUGHLIN, J., and STEVENS, P.J.E.*

MEMORANDUM BY McLAUGHLIN, J.:            **FILED: JANUARY 27, 2023**

This case returns to us following remand from the Pennsylvania Supreme Court. Our Supreme Court vacated our decision that reversed the order granting in part Nathanial Ray Price's motion to suppress and remanded for us to consider the Commonwealth's claim that the affidavit accompanying the warrant application established probable cause. ***See Commonwealth v. Price***, 284 A.3d 165, 174 (Pa. 2022). We affirm.

Price was arrested and charged in October 2016 in connection with a double homicide. State police applied for a warrant for "[a]ny and all phone records for phone number/s 724-762-3803[.]" Application for Search Warrant and Authorization, dated 10/28/16. The affidavit of probable cause for the search warrant stated in its entirety:

_____

* Former Justice specially assigned to the Superior Court.

Your affiant is Cpl John FISANICH. I am currently employed by the PA State Police as Supervisor in the Troop "A" Criminal Investigations Unit. I was so employed when this investigation was conducted.

On 10/27/16 at approximately 0040 hours, the PA State Police Patrol Unit was dispatched to a reported disturbance at 903 Hillside Drive in Cherry Hill Twp., Indiana County. Upon arrival, Patrol Troopers immediately saw a male lying in the downstairs area. He was clearly deceased. Upon clearing the residence for any further threats or suspect/s, Troopers found a female lying in an upstairs bedroom. She was also clearly deceased. The scene was secured and a supervisor and Criminal Investigators were called to the scene, as per PSP regulations.

As the investigation progressed through the day, several suspects were identified. One suspect is identified as Nathanial Ray PRICE w/n/m DOB 06/21/98. Investigators learned his phone number, and he was later taken into custody. The phone number listed on this Search Warrant Application is 724-762-3803 and is the number that is associated to Nathanial PRICE.

Based on my training and experience, I believe that there is valuable information regarding the act of Criminal Homicide to be gleaned from the cellular phone records associated with the aforementioned number. I ask that this search be granted to further this investigation.

*Id.* at 2 (Affidavit of Probable Cause). The court granted the warrant.

Price filed a motion to suppress various items of evidence, which the trial court granted in part and denied in part. Relevant here, Price moved to suppress evidence obtained from the above warrant. Price argued that "[t]he affidavit fails to state probable cause." Omnibus Pretrial Motion for Relief, filed 9/1/17, at ¶ 34.

The court granted Price's motion. It stated that the phrases "investigators learned his phone number" and "724-762-3803 . . . is the

number that is associated with Nathanial PRICE" did not explain how the investigators determined that the phone number was associated with Price's cell phone. The court found that the affidavit "'did not provide the issuing authority with a substantial basis to conclude that probable cause existed'" to search the phone records of the listed number. Opinion and Order of Court, filed 10/15/19, at 29-30 (quoting **Commonwealth v. Torres**, 764 A.2d 532 (Pa. 2001)). The court noted that while it was the same court that had initially granted the search warrant, it concluded that "it is appropriate to review its prior decision in light of the Suppression Motion filed, and render the decision required by Pennsylvania jurisprudence." **Id.** at 29 n.5.

The Commonwealth appealed and this Court reversed. Our Supreme Court allowed an appeal and vacated our order and remanded for this Court to address the Commonwealth's claim that probable cause existed. The Court also concluded that the Commonwealth waived its inevitable discovery issue by failing to include it in its Rule 1925(b) statement. **See** Pa.R.A.P. 1925(b)(4)(vii).

The Commonwealth maintains that the affidavit of probable cause explained that two people were murdered, and during the investigation of these murders, police identified Price as a suspect and "learned his [cellular] phone number." Commonwealth's Br. at 15 (alteration in original). It argues that "[t]o the extent it was not implicit that they learned his number simply by asking him or his accomplices, the far more significant inference was that, because [Price] acted with other suspects, he could have used the phone to

communicate with them, possibly to plan the crime." *Id.* at 15-16. This inference, "was sufficient, under the liberal standard governing warranted searches, for probable cause." *Id.* at 16.

On appeal from an order granting a motion to suppress, our review is "limited to determining whether the record supported that court's factual findings and whether the legal conclusions that the suppression court drew from those facts were correct." *Torres*, 764 A.2d at 536-37. We consider only "the evidence presented by the defense and so much of the evidence for the prosecution which remained uncontradicted when read in the context of the record as a whole." *Id.* at 537.

The Fourth Amendment of the United States Constitution and Article 1, Section 8 of the Pennsylvania Constitution protects against unreasonable searches and seizures. A search warrant must be supported by probable cause. *Commonwealth v. Caple*, 121 A.3d 511, 520 (Pa.Super. 2015). "Probable cause exists where the facts and circumstances within the affiant's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that a search should be conducted." *Commonwealth v. Jones*, 988 A.2d 649, 655 (Pa. 2010) (citation omitted). When considering whether probable cause exists, we consider the totality of the circumstances. *Commonwealth v. Johnson*, 240 A.3d 575, 585 (Pa. 2020).

Here, the trial court determined that the warrant was not backed by probable cause. It agreed with Price that the warrant application failed to link

the phone found on Price's person with the phone number listed. Opinion and Order of Court at 29. It further stated that the warrant was "completely devoid of any foundation or explanation" of how investigators determined that the listed phone number matched that of Price's cell phone. *Id.* We discern no error by the trial court.

The affidavit of probable cause provides no information to warrant a person of reasonable caution in the belief that a search should be conducted. *Jones*, 988 A.2d at 655. Nothing within the four corners of the warrant application offers any reason to believe that the records related to the phone number would contain evidence related to the crimes under investigation. The affidavit does not allege that Price had his phone before, during, or after the commission of the murders. There is also no indication from the affidavit that Price provided his cell phone number to the investigators or any other way in which investigators allegedly learned his cell number. The affidavit essentially provides the conclusory assertions that Price is a suspect and his phone number is 724-762-3803. The warrant application was insufficient to establish probable cause. *See Johnson*, 240 A.3d at 587-88 (concluding lack of probable cause for a search warrant of defendant's phone where the defendant was accused of possessing drugs and guns where the affidavit of probable cause failed to establish a nexus between the crime committed and the item to be searched).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/27/2023